By the Courts Nelson, Ch. J.
The penalty for selling liquor without license, in cases like the present, is to be sued for and collected by the overseers of the poor of the town where the offence is committed, and to be applied by them to the use of the poor of that town. (1 R. S. 629, § 26, 2c? ed.; id. 679, § 15; id. 680, § 19.) It is conceded that the distinction between town and county poor prevails in Onondaga, and that the penalty therefore in this case, when collected, goes for the benefit of the poor of the town of Blbridge, in which the justice resides. The question is, whether the justice had jurisdiction; and that depends upon the true meaning of the following section of the revised statutes: “Any action ill favor of a town, which, if brought by an individual, could be prosecuted before a justice of the peace, may be prosecuted by stich town, in like manner, before any such justice; but no action to recover a penalty given to d town, shall be brought before any of the justices of the peace residing in the town for the benefit of which the same is prosecuted ; but all such actions may be brought before any one of the justices of the peace residing in any other town in the same county.” (1 R. S. 350, § 5, 2d ed.)
It is insisted that an action by the overseers of the poor of *60 Elbridge to recover a penalty, which, when recovered, is to be' applied to the support of the poor of the town, comes within the-above prohibition; and consequently that the defendant, being a justice of the town, was disabled from entertaining the suit. In other words, that an action by the overseers, in a case like the present, is virtually an action by the town. I think' not. The section applies only to cases where the penalty sought to be recovered is given to the town in its corporate capacity. Each town in the state is made a corporate body, and as such has capacity to sue and be sued, to purchase and hold lands <fcc., to make contracts, and to purchase and hold such personal property as may be necessary to the exercise of its corporate or administrative powers; (1 JR. 8. 330, § 1, 2d ed.;) and all acts and proceedings by or against a town, in its corporate capacity, must be in the name of such town. (Id. § 3.) It is obvious therefore that the prohibition contained in 1 JR. 8. 350, § 5, 2d ed. does not apply to all suits which are brought before justices of the peace in the name of a town; (see 2 JR. 8. 159, §§ 2, 4, 5, 2d ed.; 1 id. 350, §§ 1, 5;) the prohibition being limited in express terms to actions brought to recover penalties given to a town. The reason for the distinction is not very apparent, and the distinction itself scarcely worth enlarging beyond the fair import of the terms in which it is declared.
The prohibition will be sufficiently comprehensive in its operation even if confined to the class of cases where the penalty is given directly to the town, as they are somewhat numerous. (See 1 JR. 8. 340, § 35, 2d ed.; id. 341, § 38; id. 342, § 2; id. 467, §§ 31, 32, 33; id. 353, § 22.) And besides, if we depart from the terms of the section, and extend the prohibition by construction to the case of suits by overseers of the poor for the recovery of a penalty like the one in question, it is difficult to see how we can consistently stop short of applying it to every case where the town may be interested in the recovery of a penalty,' which would lead to great inconvenience. Towns are not directly interested in penalties given to overseers for the benefit of the poor, as they are only contingently chargeable with the support of paupers; the father, mother and *61 children, of such paupers, if of sufficient ability, being bound in the first instance to maintain them. (1 R. ¡8.. 623, § 1 to 13, 2d ed.) The interest, so far as the taxable inhabitants are concerned, is certainly not as manifest and strong as in those cases where the penalty is given directly to the town, and where, when recovered, it constitutes a part of the personal estate of the town, to be applied to such uses as the corporate body may see fit within the scope of its powers.
I will only add, that the value of the prohibition may be further appreciated from the fact that the same statute expressly makes an inhabitant, a competent juror in the case. (1 R. S. 35, § 4, 2d ed.) He may act as juror in a suit for the penalty, but not as justice.
Judgment affirmed.